J-S31024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLOS M. HARDY | : | |
| | : | |
| Appellant | : | No. 1905 MDA 2019 |

Appeal from the Judgment of Sentence Entered February 5, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003727-2018

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY DUBOW, J.: **FILED JULY 31, 2020**

Appellant, Carlos Hardy, appeals from the February 5, 2019 Judgment of Sentence entered in the Court of Common Pleas of Lancaster County following his jury conviction for Possession of Cocaine and Possession with Intent to Distribute Cocaine ("PWID").[1] He challenges the weight of the evidence. After careful review, we affirm.

On April 9, 2018, an off-duty Amtrak police officer observed Appellant hand two capped syringes to another person. That officer notified an on-duty officer, who searched Appellant and found a total of 6.05 grams of powder cocaine on his person, split between one bag weighing 4.42 grams and six smaller bags weighing a total of 1.63 grams. Appellant told the arresting officer that he intended to use "some" of the cocaine for personal use, but

---

[1] 35 P.S. §§ 780-113(a)(16) and (a)(30), respectively.

would not specify his plan for the remainder. Police arrested Appellant and charged him with the above crimes.

Appellant's two-day trial commenced on November 5, 2018, at which Detective Michael Cavanaugh testified for the Commonwealth as an expert in controlled substance use, distribution, packaging, and sales. He opined that Appellant possessed the cocaine with the intent to deliver it. He based this opinion on his training and experience, the habits of typical cocaine users (possessing no more than 3.5 grams at a time), the weight of cocaine Appellant possessed (6.05 grams), its street value ($300-$600), and its packaging (a larger bag ostensibly for personal use, six for sale). Appellant testified that the cocaine was for personal use.

The jury convicted Appellant of the above crimes. On February 5, 2019, the court sentenced Appellant to a term of 2½ to 10 years' incarceration.[2] On September 25, 2019, Appellant filed a Post-Sentence Motion *nunc pro tunc*, challenging the weight of the evidence underlying his conviction for PWID.[3]

The trial court denied Appellant's Motion, reasoning simply that the "verdict was not so contrary to the evidence as to shock one's sense of justice." Trial Ct. Op., 10/25/19. Appellant timely filed a Notice of Appeal, and both Appellant and the court complied with Pa.R.A.P. 1925.

_____

[2] Appellant's Simple Possession conviction merged with PWID for sentencing.

[3] On September 16, 2019, following post-conviction relief proceedings, the trial court granted Appellant leave to file post-sentence motions and a direct appeal *nunc pro tunc*. Trial Ct. Or., 9/16/19.

Appellant raises one issue on appeal: "Did the trial court abuse its discretion when it did not award [Appellant] a new trial when the jury's verdict was against the weight of the evidence?" Appellant's Br. at 4.

Appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the appellant's post-sentence motion; this Court does not review the underlying question of whether the verdict is against the weight of the evidence. *Commonwealth v. Talbert*, 129 A.3d 536, 545-46 (Pa. Super. 2015). We bear in mind that "[t]he weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of 'a mere conflict in the testimony' and must have a stronger foundation than a reassessment of the credibility of witnesses." *Commonwealth v. Gonzalez*, 109 A.3d 711, 723 (Pa. Super. 2015) (citations omitted).

"In order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague[,] and uncertain that the verdict shocks the conscience of the court." *Talbert*, *supra* at 546 (internal quotation marks and citation omitted). Reversal is only appropriate "where the facts and inferences disclose a palpable abuse of discretion[.]" *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014) (citations and emphasis omitted).

Appellant asserts the court abused its discretion in denying his Post-Sentence Motion because "[t]he testimony of [Appellant] is of such importance

and greatly outweighs the opinion testimony of Det[ective] Cavanaugh so that a new trial is warranted." Appellant's Br. at 9. Essentially, Appellant reassesses conflicting trial testimony to support his defense that he possessed the cocaine for personal use. *Id.* at 10-12.

The jury is free to believe all, part, or none of the evidence, and it is within the province of the factfinder to settle issues of conflicting testimony and credibility. The jury clearly resolved this issue in favor of the Commonwealth and against Appellant. *See* Trial Ct. Op., 1/14/20, at 3-5. We cannot and will not substitute our judgment for that of the factfinder, and conflicting trial testimony is not a sufficient basis to warrant a new trial.

Our review of the record indicates that the evidence supporting the verdict is not tenuous, vague, or uncertain, and the verdict was not so contrary as to shock the court's conscience. Accordingly, we discern no abuse of discretion in the trial court's denial of Appellant's weight challenge.

Judgment of Sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/31/2020

- 4 -